UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No:

| | |
|---|---|
| KEITH L. MILLER, Trustee of the MRFS Living Trust )<br>    Plaintiff )<br>)<br>v. )<br>)<br>SBA TOWERS V, LLC, NEW CINGULAR )<br>WIRELESS PCS, LLC, and CITY OF )<br>GLOUCESTER )<br>)<br>    Defendants | **VERIFIED COMPLAINT** |

## INTRODUCTION

Plaintiff, Keith L. Miller, as Trustee of the MRFS Living Trust ("Miller"), brings this Complaint pursuant to 40 U.S.C. s. 1983, claiming that the Defendants to this action conspired and acted together in an unlawful and illegal manner intended to circumvent existing ordinances of the Defendant, City of Gloucester ("City"), and thereby violated Miller's civil rights, as a citizen of the United States, and as a property owner in the City. The conduct also violated the civil rights of every person who had an interest in the protections afforded by the City's cell tower ordinance in effect at the time.

The unlawful conduct ultimately resulted in the Gloucester City Council ("City Council"), issuing a special permit ("Special Permit"), filed with the City clerk on August 13, 2015, Decision No. SPC 2015-001 ("Decision"), and ostensibly issued under Gloucester Ordinance 5.13 ("Cell Tower Ordinance"), for the construction of a 130 foot cell tower in West Gloucester on property located at 250 Concord Street, Gloucester, Massachusetts, owned by

Pamela J. Fryklund and Carrie Fryklund, as Co-Trustees of the Donald L. Fryklund Living Trust ("Fryklund Trust") (See attached Exhibit "A").

The Cell Tower Ordinance, as it existed in 2015, dictated the erection of cell towers in the City of Gloucester at the time of the Decision of the City Council (See attached Exhibit "B"). Under the Cell Tower Ordinance Section, 5.13.3.3(b), the maximum allowable height of a PWSF in an area that **is not** an Overlay District is ten (10) feet above the average tree canopy.

At the time of the Decision, there were four (4) designated Overlay Districts in the City of Gloucester. The Fryklund Property was and is zoned for residential use, and was not located within one of the four PWSF Overlay Districts. Therefore, the permissible PWSF height for the Fryklund Property was not higher than ten feet above the average height of the tree cover on the property.

Defendants, SBA Towers V, LLC ("SBA") and New Cingular Wireless PCS, LLC ("NCW"), together submitted an Application to the Gloucester City Council dated February 26, 2015, seeking a special permit for a cell tower on the Fryklund Property with a height of one hundred fifty (150) feet. An applicants' sole recourse in such instance was to seek and obtain from the City Council a new Overlay District in the area where the Fryklund Property is located.

However, the Applicants never sought or obtained such an Overlay District. Rather, SBA and NCW, through Counsel, first threatened a legal action against the City, if it opposed the application, action taken by this same law firm against the City ten (10) years earlier, which at the time caused the City Council to reverse a prior rejection of a similar cell tower application.

Thereafter, upon the advice and recommendation of Suzanne Egan, Esq. ("Egan"), Assistant City Solicitor for the City of Gloucester, the applicants sought and obtained a variance from the City of Gloucester Zoning Board of Appeals, as a means of bypassing their obligation

to seek and obtain a new Overlay District for the Fryklund Property. The scheme worked and the City Council eventually voted in favor of issuing a special permit for a 130 foot cell tower there.

Miller, as Trustee, owns the property located at 25, 30 and 35 Jebeka Lane, Gloucester, Massachusetts ("Miller Property"), a private way, which exits onto Concord Street directly across from the Fryklund Property. Miller and others similarly situated were entitled to notice of the proposed special permit as abutters, but received no such notice as the result of additional unlawful actions of SBA and NCW.

Rather, SBA and NCW, through their counsel, provided inaccurate information to the City as to the locus of the property for purposes of issuance of a notice to abutters. SBA and NCW knowingly omitted a second parcel listed on the deed granting title of the land to the Fryklund Trust, which the City relied on in issuing an inaccurate and incomplete list of abutters.

Following issuance of the Special Permit in August, 2015, Miller timely appealed pursuant to G.L. c. 40A, § 17, and his appeal proceeded in the Essex Superior Court. Miller also subsequently filed an action in the Massachusetts Land Court, Case No. 17MISC000701. Both claims were eventually dismissed on standing grounds, principally related to Miller's failure to challenge the variance granted by the ZBA, permitting the application to be filed with the City Council.

Miller timely filed notices of his Appeals to the Courts' dismissal of both cases, but then withdrew those appeals, based on receipt by the City of Gloucester of a letter from Counsel, representing SBA and NCW, informing the City that it did not intend to pursue construction of the cell tower on the Fryklund Trust Property, specially permitted by the City Council (See attached Exhibit "C").

Miller complains in the present action that SBA and NCW, by their legal counsel at the time, Edward Pare, Esq. ("Pare"), engaged in unlawful conduct in order to obtain the Special Permit. SBA and NCW also colluded and conspired with the City, its ZBA, City Council and Egan, to circumvent the legal requisites of the Cell Tower Ordinance, in order to assure that a special permit would be issued (See attached Exhibits "D", "E" and "F").

At the time, the City Council lacked legal authority by special permit or otherwise, to increase the height of the PWSF above that permitted under the Cell Tower Ordinance Section 5.13.3.3(b) without creating a new Overlay District, as specifically contemplated under the Ordinance.

## PARTIES

1. Plaintiff, Keith L. Miller, is the Trustee of the MRFS Living Trust, which owns the property located at 23, 30 and 35 Jebeka Lane, Gloucester, Massachusetts, which is a private way directly across the street from property the Fryklund Trust Property. Miller has a principal residence at 75 Hunnewell Avenue, Newton, Massachusetts 02458.

2. Defendant, SBA Towers V, LLC, is a Florida limited liability company with a principal place of business located at 5900 Broken Sound Parkway, N.W., Boca Raton, Florida.

3. Defendant, New Cingular Wireless PCS, LLC ("New Cingular"), is a Delaware limited liability company with a principal place of place of business located at 1025 Lenox Park Boulevard, N.E., Atlanta, Georgia.

4. The Defendant, City of Gloucester, is a duly incorporated municipality organized under G.L. c. 39, § 1, with a business address located at Gloucester City Hall, 9 Dale Avenue, Gloucester, Massachusetts 01930.

## JURISDICTION

5. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1331.

## ALLEGATIONS OF FACT

6. City Ordinance, Section 5.13, entitled 'PERSONAL WIRELESS SERVICE FACILITY', controls the erection and location of cell towers in the City of Gloucester. As it existed on August 13, 2015, under City Ordinance Section 5.13.5.1, the City Council was the sole Special Permit Granting Authority with respect to PWSFs, and only the City Council has authority to create a new Overlay District, under City Ordinance Section 5.13.3.4(d) (See attached Exhibit "B").

7. Under City Ordinance Section 5.13.3.3(b), the maximum height for a PWSF outside of an Overlay District is ten (10) feet above the average tree canopy.

8. Under City Ordinance Section 5.13.3.3(f), the maximum allowable height of a PWSF in an Overlay District is one hundred fifty (150) feet.

9. Pamela J. Fryklund and Carrie Fryklund, own property located at 240/250 Concord Street as Co-Trustees of the Donald L. Fryklund Living Trust, which is a single parcel of land recorded at the Essex County South Registry of Deeds at Book 6341, Page 206 and has been continuously so recorded without change since April 22, 1977.

10. The Fryklund Property is presently designated as "Rural Residential" and is located in the R-40 zoning district.

11. No portion of the Fryklund Property is located within a Personal Wireless Service Facility Overlay District, as that term is defined under City Ordinance Section 5.13.3.4 ("Overlay District").

12. The maximum allowable cell tower height permitted in the location of the Fryklund Property, is 10 feet above the average height of tree cover on the property, which, according to Defendants, SBA and New Cingular, is eighty (80) feet, plus or minus.

13. On March 4, 2015 SBA and NSW submitted an application to the City Council seeking a Special Permit to install a one hundred fifty (150) foot PWSF on the Fryklund Property.

14. The City Council held a public hearing on the Application on March 10, 2015. The Application was then referred by its City Council to the Planning and Development Committee. The Committee held six public hearings with regard to the Application on April 8, 22, May 6, 20, and June 3, 17, 2015.

15. On June 23, 2015, the City Council conducted a second public hearing on the Application, and granted to the Applicants a Special Permit to construct, maintain and operate a PWSF of 130 feet on the Fryklund Property.

16. The decision was adopted by the City Council on August 11, 2015, and filed with the City Clerk on August 13, 2015 (See attached Exhibit "A").

17. Miller timely filed his Appeal from the Decision of the City Council, and subsequently filed an action in Essex Superior Court, Case No. 1577-CV-01439. Miller also filed an action in the Massachusetts Land Court, Case No. 17MISC000701. Both cases were ultimately dismissed on standing grounds, related to the ZBA variance, and Miller timely filed Notices of Appeal in each case to the Massachusetts Appeals Court.

18. Those appeals were later withdrawn as the result of SBA and NSW, giving notice to the City that it did not intend to pursue construction of the cell tower on the Fryklund Trust Property under the Special Permit issued by the City (See attached Exhibit "C").

19. Miller had alleged in those state court actions that the cell tower, if constructed, would have a significant visual impact on Miller's property, and would cause him cognizable injury.

20. The Gloucester City Council lacked authority to increase the tower height of a PWSF located outside of a designated Overlay District above the average tree canopy, plus ten (10) feet under City Ordinance Section 5.13.3.3(b).

21. The Gloucester City Council lacked legal authority to grant a Special Permit to Defendants to allow them to construct a 130 foot Personal Wireless Service Facility on the Fryklund Property located at 250 Concord Street, Gloucester, Massachusetts.

22. The Decision of the City Council to grant the Application for a Special Permit to construct, operate, and maintain a 130 foot Personal Wireless Service Facility on the Fryklund Property was contrary to its authority under G.L. c. 40A.

23. SBA and NCW, through Counsel, first threatened a legal action against the City, if it opposed the application, action taken by this same law firm against the City ten (10) years earlier, which at the time caused the City Council to reverse a prior rejection of a similar cell tower application.

24. Miller and others similarly situated were entitled to notice of the proposed Special Permit as abutters, but received no such notice because SBA and NCW, through Counsel, provided inaccurate information to the City as to the locus of the property for purposes of issuance of such notice to abutters. SBA and NCW knowingly omitted a second parcel listed on the deed granting

title of the land to the Fryklund Trust, which the City relied on in issuing an inaccurate and incomplete list, when it sent such notice of the Application to abutters.

25.     SBA, NSW and the City unlawfully colluded and conspired together, by constructing a scheme whereby SBA and NSW could submit an Application, initially to the City's Zoning Board of Appeals, to obtain a variance to proceed to the City Council, and thereby create the appearance that the City Council would have authority to ignore the constraints of the Cell Tower Ordinance.

26.     SBA and NSW, by their legal counsel, Pare, and the City, by its ZBA, City Council and Egan, colluded and conspired with one another in order to accomplish this unlawful and illegal scheme, which ultimately resulted in the issuance of the Special Permit.

27.     The conduct of the Defendants had the intention and the effect of depriving Miller of his civil rights as a citizen of the United States and as a property owner in the City of Gloucester.

**COUNT ONE**
**VIOLATION OF 40 U.S.C. § 1983**
**CITY OF GLOUCESTER**

28.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 of this Verified Complaint.

29.     The City Council lacked authority under City Ordinance, Section 5.13.3.3(b), to increase the height of a PWSF more than ten feet above the average tree canopy, which is not located within a designated Overlay District.

30.     Under City Ordinance Section 5.13.3.3(b), the maximum height of a PWSF not located in a designated Overlay District is ten (10) feet above the average tree canopy.

31.     Under City Ordinance Section 5.13.5.1, the City Council is the **sole** Special Permit Granting Authority with respect to PWSFs, and **only** the City Council has authority to create a new Overlay District, under City Ordinance Section 5.13.3.4(d).

32.     The Fryklund Property was not located in a designated Overlay District. Thus, the maximum height of a PWSF permitted on the Fryklund Property was ten feet above average tree cover, which on the Fryklund Property was no more than eighty (80) feet, plus or minus.

33.     The City Council issued a Special Permit for the construction of a 130 foot cell tower, which was approximately 50 feet higher than the permissible limits under the cell tower ordinance.

34.     The City, by its City Council, exceeded its authority when it issued a Special Permit to construct a PWSF of 130 feet on the Fryklund Trust Property, which was not in an Overlay District under City Ordinance Section 5.13.3.3(b).

35.     SBA and NCW used coercive tactics and the conscious supply of inaccurate information to the City, regarding the locus of the proposed cell tower, for purposes of notice to abutters, in order to obtain the Special Permit.

36.     SBA, NCW and the City unlawfully colluded and conspired together to construct a scheme whereby SBA and NSW could submit an Application, initially to the City's Zoning Board of Appeals, to obtain a variance to proceed to the City Council, and thereby create the appearance that the City Council would have authority to ignore the constraints of the Cell Tower Ordinance.

37.     SBA and NSW, by their legal counsel, Pare, and the City, by the ZBA, the City Council and Egan, colluded and conspired with one another in order to accomplish this unlawful and

illegal scheme, which ultimately resulted in the issuance of the Special Permit (See attached Exhibits "D", "E", and "F").

38. The conduct of the Defendants had the intention and the effect of depriving Miller of his civil rights as a citizen of the United States and as a property owner in the City of Gloucester.

## COUNT TWO
## CONSPIRACY TO VIOLATE 40 U.S.C. § 1983
## SBA, NCW, CITY

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 of this Verified Complaint.

40. The City Council lacked authority under City Ordinance, Section 5.13.3.3(b), to increase the height of a PWSF more than ten feet above the average tree canopy, which is not located within a designated Overlay District.

41. SBA and NCW used threats, coercive tactics and the conscious supply of inaccurate information to the City, regarding the locus of the proposed cell tower, for purposes of notice to abutters, in order to obtain the Special Permit.

42. SBA, NCW and the City unlawfully colluded and conspired together to construct a scheme whereby SBA and NSW could submit an Application, initially to the City's Zoning Board of Appeals, to obtain a variance to proceed to the City Council, and thereby create the appearance that the City Council would have authority to ignore the constraints of the Cell Tower Ordinance.

43. As a result of the unlawful conduct of SBA, NCW and the City, the City Council issued a Special Permit for the construction of a 130 foot cell tower, which was approximately 50 feet higher than the permissible limits under the cell tower ordinance.

44.     The conduct of the Defendants had the intention and the effect of depriving Miller of his civil rights as a citizen of the United States and as a property owner in the City of Gloucester.

**COUNT THREE**
**WRONGUL INTERFERENCE WITH CIVIL RIGHTS**
**SBA, NCW**

45.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 44 of this Verified Complaint.

46.     The City Council lacked authority under City Ordinance, Section 5.13.3.3(b), to increase the height of a PWSF more than ten feet above the average tree canopy, which is not located within a designated Overlay District.

47.     SBA and NCW used threats, coercive tactics and the conscious supply of inaccurate information to the City, regarding the locus of the proposed cell tower for purposes of notice to abutters, in order to obtain the Special Permit.

48.     As a result of the unlawful conduct of SBA, NCW, the City Council issued a Special Permit for the construction of a 130 foot cell tower, which was approximately 50 feet higher than the permissible limits under the cell tower ordinance.

49.     The conduct of the Defendants had the intention and the effect of depriving Miller of his civil rights as a citizen of the United States and as a property owner in the City of Gloucester.

   **WHEREFORE**, Plaintiff respectfully requests that the Court do as follows:

   a)      Grant him Judgment on the merits of his claim against all named Defendants;

   b)      Award him his damages, plus interest, costs, and attorney's fees as available under the Statute;

   c)      Determine Miller's right to punitive damages as the result of the intentional misconduct of the Defendants and award him same; and

   d)      Grant such other relief as the Court deems just and proper.

The Plaintiff, Keith L. Miller,
Trustee of the MRFS Trust,

By this attorney,

_/s/ *Keith L. Miller*_____
Keith L. Miller
BBO# 347280
Fifty-Eight Winter Street, 4th Floor
Boston, MA 02108
(617) 523-5803
Klm4law@aol.com

## VERIFICATION

I, Keith L. Miller, Trustee, the Plaintiff in this action, under the pains and penalties of perjury, do hereby say that I have reviewed the statements contained in the attached Complaint and the exhibits attached thereto, and do believe, to the best of my knowledge, that the statements are true and accurate, and that the exhibits are true and accurate copies of the originals;

Signed under the pains and penalties of perjury this 6th day of August, 2018.

　　　　　　　　　　　　　　　　　　　　_/s/ *Keith L. Miller*_____
　　　　　　　　　　　　　　　　　　　　Keith L. Miller, Trustee